# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SULLIVAN
-----------------------------------------------------------------X
CAMP TEUMIM LLC,

                              Plaintiff,

-against-

OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY,

                              Defendant,
-----------------------------------------------------------------X

Index # E2025-339
02/25/2025

**SUMMONS**

**TO THE ABOVE-NAMED DEFENDANT:**

**YOU ARE HEREBY SUMMONED** to answer the Verified Complaint in this action and to serve a copy of your Answer upon the Attorneys for Plaintiff within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, Judgment will be taken against you by default for the relief demanded in the Verified Complaint. Plaintiff designates Sullivan County as the place of trial because the subject real property is located entirely within Sullivan County and because it is the location of the events giving rise to Plaintiff's claims.

Dated: Newburgh, New York
          February 25, 2025

                                        CATANIA, MAHON & RIDER, PLLC
                                        *Attorneys for Plaintiff*
                                        *CAMP TEUMIM LLC*

                 BY: *Richard M. Mahon*
                         RICHARD M. MAHON
                         641 Broadway
                         Newburgh, New York 12550
                         Tel.: 845-565-110
                         E-Mail: rmahon@cmrlaw.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SULLIVAN
-----------------------------------------------------------------X
CAMP TEUMIM LLC,                                        Index # E2025-339

                Plaintiff,                    **VERIFIED COMPLAINT**

-against-

OLD REPUBLIC NATIONAL TITLE INSURANCE
COMPANY,

                Defendant,
-----------------------------------------------------------------X

Plaintiff, CAMP TEUMIM LLC ("Camp Teumim"), by and through its undersigned counsel, CATANIA, MAHON & RIDER, PLLC, alleges against Defendant, OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY as follows:

## NATURE OF THE ACTION

1. This is an action for breach of contract, bad faith, and declaratory judgment arising out of Defendant, Old Republic National Title Insurance Company's ("Old Republic"), failure to honor its obligations under a title insurance policy issued to Plaintiff Camp Teumim in connection with the purchase of real property in Sullivan County, New York.

2. Plaintiff seeks damages for Old Republic's breach of the title insurance policy, additional damages for Old Republic's bad faith refusal to administer Plaintiff's claim in good faith, and a declaratory judgment affirming coverage under the policy and awarding damages for Plaintiff's losses, including consequential damages, attorney's fees, expenses, disbursements and accrued interest.

## PARTIES

3. Plaintiff Camp Teumim is a legal entity organized and existing under the laws of the State of New Jersey, with its principal place of business located at 3 Elderberry Court,

2

Lakewood, NJ 08701. Camp Teumim operates a camp facility and owns real property in Sullivan County, New York and is authorized to operate in the State of New York.

4. Defendant Old Republic is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business located at 400 Second Avenue South, Minneapolis, MN 55401. Old Republic is licensed to conduct business in the State of New York and issued the title insurance policy at issue in this action.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to CPLR § 301, as Defendant conducts business within the State of New York, and the claims arise from a contract executed and performed in New York which insures title to real property wholly located within New York State.

6. Venue is proper in Sullivan County pursuant to CPLR § 503(a) because the real property at issue is situated in Sullivan County, New York, and the events giving rise to this action occurred therein.

## FACTUAL ALLEGATIONS

7. On or about June 24, 2022, Plaintiff Camp Teumim purchased real property located in the Towns of Highland and Lumberland in Sullivan County, New York, including a campground and adjacent vacant land intended for residential development (collectively the "Property"). The purchase price for the Property was $9,000,000.

8. The purchase was made via two deeds, both dated June 24, 2022, and both recorded in the Sullivan County Clerk's Office on July 11, 2022, as Instrument Nos. 2022-7240 and 2022-7241. The first deed, Instrument No. 2022-7240, is from Kenro, Inc. to Camp Teumim LLC and conveys 4 separate parcels as follows: Town of Lumberland SBL's

3

16.-1-34 (58.2 acres); 16.-1-1.1 (24.47 acres); and 16.-1-2.2 (17.45 acres) and Town of Highland SBL 14.-1-16.3 (.38 acres).

9. The second deed, Instrument No. 2022-7241, is from KBSR Corp. to Camp Teumim and conveys one parcel identified as Town of Highland SBL 14.-1-16.1 (46.51 acres). This parcel is also known as 57 Proctor Road, Highland, New York.

10. As part of the transaction, Plaintiff obtained a title insurance policy from Defendant Old Republic, which fully insured the title to all acreage purchased and described above, including two parcels identified as 67 & 75 Barker Road, Eldred, New York 12732, also known as Parcels 14.-1-16.4 and 14.-1-16.5 (the "Disputed Parcels"), totaling approximately 20.59 acres. Specifically, Old Republic issued Policy No. OX-143114621 (the "Policy") to "Camp Teumim LLC, a New Jersey Limited Liability Company."

11. The face amount of the Owner's Policy is Nine Million ($9,000,000.00) Dollars. The Policy covers the five (5) parcels conveyed in both deeds, namely Instrument Nos. 2022-7240 and 2022-7241. A copy of the Policy is annexed as Exhibit "A."

12. The legal descriptions in the Policy and the deeds are identical and include the Disputed Parcels. The Policy affirmatively insures the Disputed Parcels as part of Old Republic's legal coverage obligations.

13. The Policy insured Plaintiff against losses arising from defects in title, including the failure of the seller to convey good and marketable title to the entirety of the Property as insured by Old Republic, including the Disputed Parcels.

14. Subsequent to the closing, Plaintiff discovered, in or about March of 2024, that the Disputed Parcels, comprising approximately 20.59 acres, were not included in the

conveyance, despite being represented as part of the Property purchased and explicitly insured under the Policy.

15. Plaintiff promptly notified Old Republic of the title defect and submitted a claim under the Policy, which claim was supported by extensive documentation, prior appraisals, a party examination under oath, and a market valuation analysis prepared by Westrock Appraisal Services dated January 31, 2025 (attached hereto as Exhibit "B"), which valued the Disputed Parcels at $960,000 as of March 14, 2024, based on their suitability and actual value as residential subdivision property.

16. The Policy specifically insures against loss or damage sustained by reason of "Title being vested other than as stated in Schedule A." The Policy insures against "actual monetary loss or damages sustained or incurred by the Insured Claimant who has suffered loss or damage by reason of matters insured against by this policy."

17. Plaintiff fully cooperated with Old Republic's investigation of the claim. To that end, Plaintiff's principal, Chaim Metzger, as stated above, appeared for an examination under oath by Old Republic's legal counsel. Moreover, Plaintiff provided all requested documents, including voluminous records related to the purchase, surveying, engineering, and closing on the Property.

18. Despite Plaintiff's good faith efforts, and repeated demands through its legal counsel, Old Republic has failed to even acknowledge that the claim is a covered event under the Policy. To date, Old Republic has not administered the claim in accordance with its contractual obligations or made any payment to Plaintiff for its losses.

5

Catania, Mahon & Rider, PLLC
641 Broadway, Newburgh, NY 12550 | (845) 565-1100

19. Instead of processing the claim in good faith, Old Republic has instead, through its legal counsel, implied that Plaintiff is guilty of fraud and collusion, without any evidentiary basis, in an apparent attempt to avoid its obligations under the Policy.

20. Old Republic's refusal to honor the Policy and its baseless accusations have caused Plaintiff significant financial harm, including the loss of benefits under the Policy, i.e., the value of the Disputed Parcels, and the inability to proceed with its planned residential development, which was intended to serve a growing Jewish community in Sullivan County in the vicinity of the camp property.

### FIRST CAUSE OF ACTION
### (Breach of Contract – Title Insurance Policy)

21. Plaintiff repeats and realleges paragraphs 1 through 20 as if fully set forth herein.

22. The Policy constitutes a valid and enforceable contract between Plaintiff and Old Republic, under which Old Republic agreed to indemnify Plaintiff against losses arising from defects in title to the Property, including the Disputed Parcels.

23. Plaintiff, for its part, has performed all conditions precedent required under the Policy, including timely notification of the claim and full cooperation with Old Republic's investigation.

24. Old Republic breached the Policy by failing to acknowledge coverage for the title defect related to the Disputed Parcels and by refusing to indemnify Plaintiff for its losses, estimated at $960,000 based on the Westrock Appraisal Services valuation set forth in Exhibit "B."

25. As a direct and proximate result of Old Republic's breach, Plaintiff has suffered damages in an amount to be determined at trial, but not less than $960,000, plus interest, costs,

6

attorney's fees, disbursements, expenses, and consequential damages in a total amount exceeding One Million ($1,000,000.00) Dollars.

### SECOND CAUSE OF ACTION
### (Bad Faith – Violation of Duty of Good Faith and Fair Dealing)

26. Plaintiff repeats and realleges paragraphs 1 through 25 as if fully set forth herein.

27. Under New York law, as recognized in *Gomez v. Fidelity National Title Ins. Co. of New York*, 109 A.D.3d 368 (2d Dep't 2013), *affirming* 34 Misc. 3d 1233(A) (Sup. Ct. Queens Cty. 2012), an insurer owes a duty of good faith and fair dealing to its insured in the administration of claims under a title insurance policy.

28. Old Republic breached this duty by:

   a. Failing to promptly and reasonably investigate Plaintiff's claim;

   b. Refusing to even *acknowledge the claim* as a covered event under the Policy without reasonable justification;

   c. Making baseless accusations and/or innuendoes, directly or indirectly, of fraud and collusion against Plaintiff to delay or deny coverage; and

   d. Acting in a manner designed to frustrate Plaintiff's rights under the Policy rather than resolving the claim in good faith.

29. Old Republic's conduct constitutes bad faith. Such conduct has unreasonably and intentionally delayed and denied Plaintiff's claim, causing Plaintiff additional harm beyond the contractual damages.

30. As a direct and proximate result of Old Republic's bad faith, Plaintiff has suffered damages, including but not limited to actual and consequential damages, unecessary and avoidable legal, engineering, surveying, appraisal, and administrative fees, costs and expenses; delay damages in property development plans; loss of reasonable future profits;

and the loss of use of the Disputed Parcels, in an amount to be determined at or before the trial of this matter, together with punitive damages in the amount of Five Million ($5,000,000.000) Dollars, or in such other amounts determined at or before the trial of this action, to deter such conduct aimed at the general public, i.e., policyholder-insureds in the State of New York in the future.

### THIRD CAUSE OF ACTION
### (Declaratory Judgment)

31. Plaintiff repeats and realleges paragraphs 1 through 30 as if fully set forth herein.

32. An actual and justiciable controversy exists between Plaintiff and Old Republic regarding Old Republic's obligations under the Policy with respect to the Disputed Parcels.

33. Plaintiff is entitled to a declaratory judgment pursuant to CPLR § 3001 declaring that:

   a. The title defect relating to the Disputed Parcels is a covered event under the Policy;

   b. Old Republic is obligated to indemnify Plaintiff for its losses arising from the exclusion of the Disputed Parcels from the conveyance, in an amount not less than $960,000; and

   c. Old Republic must pay all damages, interest, and costs incurred by Plaintiff as a result of its breach and bad faith conduct, including all legal, surveying, engineering, and appraisal fees and costs incurred.

34. Such declaratory relief is necessary to resolve the dispute and prevent further harm to Plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Camp Teumim LLC, respectfully demands judgment against Defendant Old Republic National Title Insurance Company as follows:

a. On the First Cause of Action, damages in an amount not less than $960,000, plus interest, costs, expenses, and consequential damages;

b. On the Second Cause of Action, damages in an amount not less than $960,000, plus interest, costs, and consequential damages in the form of attorney's fees, appraisal expenses, disbursements, interest, with additional surveying and engineering fees, and punitive damages in the amount of Five Million ($5,000,000.000) Dollars, or in such other amounts determined at or before the trial of this action in order to deter such conduct aimed at policyholder insureds in the State of New York in the future.;

c. On the Third Cause of Action, a declaratory judgment that the title defect relating to the Disputed Parcels is covered under the Policy, that Old Republic is obligated to indemnify Plaintiff in an amount not less than $960,000, and that Old Republic must pay all resulting damages, interest, expenses and costs as set forth herein;

d. Attorneys' fees and costs as permitted by law or contract;

e. Prejudgment and postjudgment interest at the statutory rate; and

f. Such other and further relief as this Court deems just and proper.

Dated: Newburgh, New York
       February 25, 2025

                Yours, etc.,

                CATANIA, MAHON & RIDER, PLLC
                *Attorneys for Plaintiff*
                *CAMP TEUMIM, LLC*

      BY: *Richard M. Mahon*
                RICHARD M. MAHON
                641 Broadway
                Newburgh, New York 12550
                Tel.: 845-565-110
                E-Mail: rmahon@cmrlaw.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SULLIVAN
-------------------------------------------------------------X
CAMP TEUMIM, LLC,

      Plaintiff,

-against-

OLD REPUBLIC NATIONAL TITLE INSURANCE
COMPANY,

      Defendant,
-------------------------------------------------------------X

Index # E2025-339

**VERIFICATION**

STATE OF NEW YORK )
        ) ss.:
COUNTY OF ORANGE )

  I, Chaim Metzger, a religiously-observant person whose faith proscribes swearing under oath, affirms and states as follows: I am the President and Chief Executive Officer of Camp Teumim, LLC, the Plaintiff in the foregoing action; I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my own knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

                _____
                CHAIM METZGER

Affirmed to before me this
25th day of February of 2025

_____
Notary Public

RICHARD M. MAHON
Notary Public, State of New York
No. 02MA6158086
Qualified in Orange County
Commission Expires December 18, 20 26

10

Catania, Mahon & Rider, PLLC
641 Broadway, Newburgh, NY 12550 | (845) 565-1100
Catania, Mahon & Rider, PLLC
641 Broadway, Newburgh, NY 12550 | (845) 565-1100